10-5061-cr
*United States v. Carter*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
         J. GARVAN MURTHA,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

                    *Appellee*,

         -v.-                                    10-5061-cr

EDWIN CANDELARIO, VINCE REEDER,

                    *Defendants*,

ELEXIUS CARTER,

                    *Defendant-Appellant*.

---

FOR APPELLANT:     STEPHEN LANCE CIMINO, Office of Stephen
                   Lance Cimino, Syracuse, NY.

---

[*]The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLEE:        RAJIT S. DOSANJH, Assistant United States
                     Attorney (John M. Katko, Assistant United
                     States Attorney, *on the brief*) *for*
                     Richard S. Hartunian, United States
                     Attorney for the Northern District of New
                     York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Appellant's conviction be **AFFIRMED**. However, we **VACATE** and **REMAND** for resentencing proceedings consistent with this order.

Appellant Elexius Carter appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*). Carter was convicted after a jury trial of one count of possession with intent to distribute fifty or more grams of a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The district court sentenced Carter to 175 months' incarceration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Between his counseled and *pro se* briefs, Carter raises no fewer than nine issues for review. We address only those that merit discussion. First, Carter contends that the

police had no reasonable basis to initiate an investigatory stop of Carter and that they had no probable cause to arrest Carter.  Therefore, in Carter's view, the evidence flowing from his stop and arrest should have been suppressed.  It is well established that "a police officer may briefly detain an individual for questioning if the officer has a reasonable suspicion that the individual is, has been, or is about to be engaged in criminal activity." *United States v. Padilla*, 548 F.3d 179, 186 (2d Cir. 2008) (internal quotation marks omitted).  Courts look to the totality of the circumstances to determine whether police had a "particularized and objective basis to suspect criminal activity." *Id.* (internal quotation marks omitted).  In other words, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).  A showing of reasonable suspicion requires "considerably less" than a showing of probable cause. *United States v. McCargo*, 464 F.3d 192, 197 (2d Cir. 2006).  "Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient

knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990).

After a thorough review of the record, we are satisfied that the police had a particularized and objective basis to suspect that Carter was engaged in criminal activity when they stopped him. This reasonable suspicion turned into probable cause to arrest Carter as police obtained more information during the course of their inquiry. Carter's claim that the evidence flowing from his stop and arrest should be suppressed is without merit.

Carter also argues that evidence obtained from the search of 116 Beecher Street pursuant to a judicially issued warrant should be suppressed. Specifically, Carter contends that (1) the information used to obtain the warrant was the product of his challenged stop and arrest, which Carter believes were unlawful, and (2) "[t]he warrant was the product of speculation, surmise, and suspicion, and not probable cause." *See* Carter Br. 20. We reject the first argument because both Carter's stop and arrest were lawful.

As to the argument that the warrant was not supported by probable cause, we deem the issue waived. "It is a settled appellate rule that issues adverted to in a perfunctory manner, *unaccompanied by some effort at developed argumentation*, are deemed waived." *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) (emphasis added) (internal quotation marks omitted); *see Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996), *vacated on other grounds by*, 521 U.S. 1114 (1997). In any event, the argument is without merit.

In his *pro se* brief, Carter argues that the district court erred in calculating his criminal history category because it improperly assessed two "recency" points under a provision of the Guidelines that had been repealed prior to sentencing. *See* U.S.S.G. § 4A1.1(e) (2008 ed.); U.S.S.G. App. C., amend. 742 (effective Nov. 1, 2010). Although Carter did not object at the time of sentencing, we may correct such an error if the appellant demonstrates that the error was plain, affected his substantial rights, and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *See United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation

marks and alteration omitted).  Because the error here resulted in Carter being placed in a higher criminal history category, thus resulting in a higher Guidelines range, we remand for resentencing.  Significantly, the government concedes that the district court committed plain error and that remand is appropriate.

We have reviewed all of Carter's remaining arguments and after a thorough review of the record and relevant law find them to be without merit.

For the foregoing reasons, Carter's conviction is hereby **AFFIRMED**.  We **VACATE** and **REMAND** for resentencing proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk